UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TARA SNEARL AND AYANNA TRAN**         **CIVIL ACTION NO. 21-CV-00455-JWD-RLB**

**VERSUS**                              **JUDGE JOHN W. DEGRAVELLES**

**CITY OF PORT ALLEN**                  **MAG. JUDGE RICHARD L. BOURGEOIS, JR.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT

MAY IT PLEASE THE COURT:

Now comes Defendant, Mike Cazes, Sheriff of West Baton Rouge Parish and the West Baton Rouge Parish Sheriff's Office, appearing solely for the purposes of this Motion, and who, in support of their accompanying Motion for Judgment on the Pleadings, file the instant Memorandum in Support of same. For the reasons more fully discussed below, Defendant, Sheriff Mike Cazes and the West Baton Rouge Parish Sheriff's Office, sought to be made Defendant herein, submit Plaintiffs' claims against them must fail as a matter of law pursuant to Federal Rule of Civil Procedure 12(c) and, further, Plaintiffs' allegations of fraud fail to satisfy the stringent requirements of Federal Rule of Civil Procedure 9(b). In the alternative, Plaintiffs should be ordered to provide a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).

### I. FACTS[1]

On or about October 31, 2018, Plaintiffs, Tara Snearl and Ayanna Tran, filed their *Petition for Damages and Other Relief* in the 18th Judicial District Court for the State of Louisiana, located in the Parish of West Baton Rouge. On or about July 6, 2021, Plaintiffs filed their *First Amended*

---

[1] For purposes of this Motion, Defendant will provide the facts as stated by Plaintiffs primarily in their *First Amended Petition for Damages and Other Relief*. Defendant does not concede these facts and specifically reserves the right to present contrary evidence at a later date, if necessary.

*Petition for Damages and Other Relief*, greatly expanding upon their allegations and adding several new causes of action. On August 9, 2021, the City of Port Allen, a co-defendant in this matter, removed this case to federal court.[2]

Plaintiffs have alleged the following in their *First Amended Petition for Damages and Other Relief* ("Amended Petition"): On November 2, 2017, an unknown person shot Fatrell Queen ("Queen"), son of Plaintiff, Tara Snearl and father of Plaintiff, Ayanna Queen Tran, while he was located in his home.[3] Minutes later, two officers from the Port Allen Police Department, Briant Landry and Tiffeny Robertson Wycoskie and unnamed "WBRSO" deputies arrived on the scene.[4] Plaintiffs allege that one or both of those Port Allen Police Department officers shot Queen a second time, thereby killing him.[5] However, Plaintiffs have not alleged any person associated with West Baton Rouge Parish Sheriff's Office exerted any physical action against Queen.

Plaintiffs have further alleged that both the Port Allen Police Department and West Baton Rouge Sheriff's Office participated in a myriad of "unusual actions" surrounding Queen's death; however, at no point in their *Amended Petition* do Plaintiffs delineate which of the above actions and/or inactions are attributable to any employee of the West Baton Rouge Sheriff's Office, instead generically attributing certain acts the "WBRSO."[6]

In fact, the only party named in this action who is associated with the West Baton Rouge Parish Sheriff's Office is Sheriff Mike Cazes who, Plaintiffs allege, "attempt[ed] to conceal Landry's and/or Wycoskie's homicidal act since the date of Queen's death."[7] Given the lack of particularity present in the *Amended Petition*, it is very difficult to decipher, factually, what tortious

---

[2] See R. Doc. 1.
[3] Preliminary Statement of Plaintiffs' Amended Petition, page 1.
[4] *Id.* See also ¶ 10 and ¶ 19 of Plaintiffs' Amended Petition, pages 4 &11
[5] *Id.*
[6] *Id.*, page 2.
[7] ¶ 10 of Plaintiffs' Amended Petition, pages 4-5.

actions were allegedly undertaken by the Sheriff; however, this much is clear: Plaintiffs have sued Sheriff Mike Cazes and/or the entity known as "West Baton Rouge Sheriff's Office" for the following Louisiana state law causes of action: 1) Fraud; 2) Conspiracy to Commit Fraud; 3) Intentional Infliction of Emotional Distress; 4) Conspiracy to Commit Intentional Infliction of Emotional Distress and 5) *Respondeat Superior*[8]. In doing so, Plaintiffs have failed to properly plead their causes of action. For the reasons more fully listed below, Plaintiffs' claims should be dismissed, with prejudice.

## II.   APPLICABLE STANDARDS

### a. Standards under Rule 12(c)

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) Motion to Dismiss. *See Bennett-Nelson v. Louisiana Bd. Of Regents*, 431 F.3d 448, 450 n. 2 (5th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). Thereby, "[a] claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *U.S. ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 33 F.3d 375, 379 (5th Cir. 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929. When reviewing a motion to dismiss, the court must accept

---

[8] ¶ 25, page 14 of Plaintiffs' Amended Petition. For this claim, West Baton Rouge Parish Sheriff's Office, and not Sheriff Mike Cazes, is named as the principal party in Plaintiffs' Amended Petition. Sheriff Mike Cazes is listed as an employee of the Sheriffs' Office, for Plaintiffs' *respondeat superior* purposes.

all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). While the court must accept all the plaintiff's allegations as true, the court is not bound to accept as true bald assertions, conclusions, inferences, or legal conclusions "couched" or "masquerading" as facts. *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (5th Cir. 1988). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009); *citing to Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A pleading party unable to demonstrate plausible entitlement to relief must be shown as such at the early stages in litigation so as to minimize the costs of time and money by the litigants and the courts. *Iqbal*, 556 U.S. at 678.

Dismissal of a claim is proper where, within the framework of the complaint, plaintiff's grounds for entitlement to relief are mere labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* at 678. "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tabacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)." "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

    b. **<u>Standards under Rule 9(b)</u>**

Plaintiffs have asserted claims for both fraud and conspiracy to commit fraud against Sheriff Mike Cazes.[9] Rule 9(b) of the Federal Rules of Civil Procedure imposes additional requirements for pleading a claim of fraud. More specifically, Rule 9(b) requires the circumstances

---

[9] Sometimes referred to as "Defendant" throughout this Memorandum.

4

constituting fraud be pled with particularity. *See* Fed.R.Civ.P. 9(b); *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). To satisfy Rule 9(b), a plaintiff must allege the identity of the person making a fraudulent statement; the time, place and content of the misrepresentation; the resulting injury; and the method by which the misrepresentation was communicated. *Id.* at 1061. This standard requires sufficient factual detail to lend some measure of substantiation to a claim that the defendant committed fraud. *Id.* "State law fraud claims…are subject to the [same] pleading requirements of Federal Rule of Civil Procedure 9(b)." *Boutain v. Radiator Specialty Co.*, 2011 WL 6130754 at *2 (E.D.La. 12/8/2011); *citing to Dorsey v. Portfolio Equities, Inc,* 540 F.3d 333, 339 (5th. Cir. 2008). Further, group pleading is impermissible under Rule 9(b). "[A] complaint alleging fraud may not group the defendants together. Plaintiffs must plead specific facts as to each defendant for each of the Rule 9(b) requirements." *Lang v. DirectTV*, 735 F.Supp.2d 421, 437 (E.D.La. 2010). When noting deficiencies in the Complaint on the part of those who plead fraud, the United States Fifth Circuit Court of Appeals "…appl[ies] Rule 9(b) to fraud complaints with bite and without apology." *United States ex. Rel. Porter v. Magnolia Health Plan, Inc.*, 810 Fed.Appx. 237, 240 (5th Cir. 2020); *citing Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009).

## II.     LAW AND ANALYSIS

### A. Plaintiffs have not adequately pled a claim for Fraud or Conspiracy to Commit Fraud against Sheriff Mike Cazes.

Throughout Plaintiffs' *Amended Petition*, Plaintiffs make brief, nebulous, non-specific and, frankly, outrageous and unsubstantiated claims regarding Sheriff Mike Cazes' alleged involvement in the Queen murder investigation. More specifically, Plaintiffs have made the following factual assertions regarding Defendant vis-à-vis their claims of fraud:

- "Upon information and belief, Defendants Landry, Wycoskie, WBRSO Sheriff Mike Cazes, PAPD, WBRSO, City of Port Allen and other unnamed individuals have been attempting to conceal Landry's and/or Wycoskie's homicidal act since the date of Queen's death."[10]

- "Upon information and belief, Chief Deputy Coroner Guerin subsequently filed a complaint with WBRSO Sheriff Mike Cazes about WBRSO officers' failure to notify his office about Queen's death, let alone do so in a timely manner, but no disciplinary action was ever taken."[11]

- "By intentionally trying to prevent Petitioner Snearl from learning that PAPD Officers Briant Landry and/or Tiffeny Robertson Wycoskie shot and killer her son, Fatrell Queen, Defendants Landry, Wycoskie, WBRO Sheriff Mike Cazes, Port Allen Police Department, and West Baton Rouge Sheriff's Office have suppressed the truth in order to obtain an unjust advantage for themselves—specifically, avoidance of legal exposure, financial expense, and reputational damage—and are therefore liable to Petitioner Snearl for fraud."[12]

- "By working together to prevent Petitioner Snearl from learning that PAPD Officers Briant Landry and/or Tiffeny Robertson Wycoskie shot and killed her son, Fatrell Queen, and thereby obtaining an unjust advantage for themselves…Defendants Landry, Wycoskie, Mike Cazes, Port Allen Police Department, and West Baton Rouge Sheriff's Office a liable to Petitioner Snearl for Conspiracy to Commit Fraud under La. C.C. art. 2324."[13]

It is on the basis of these vague and conclusory assertions Plaintiffs attempt to substantiate claims for Fraud and Conspiracy to Commit Fraud. A reading of Plaintiffs' *Amended Petition* does not provide clarity as to whether Defendant, while allegedly acting in concert with others, made material misrepresentations of fact or, alternatively, if Defendant was provided with information regarding Queen's death that he is simply not sharing. It is for precisely these reasons all claims against Defendant involving fraud should be dismissed, insofar as Plaintiffs' allegations do not

---

[10] See ¶ 10, pages 4-5 of Plaintiffs' Amended Petition.
[11] See ¶11, page 6 of Plaintiffs' Amended Petition. Defendant cannot discern any claim of fraud present in this allegation; however, it appears here out of an abundance of caution due to its naming of Defendant.
[12] See ¶ 23, page 13 of Plaintiffs' Amended Petition.
[13] See ¶ 24, page 13 of Plaintiffs' Amended Petition.

suffice for the purpose of maintaining claims of fraud and/or conspiracy to commit fraud, pursuant to Rule 9(b).[14]

First and foremost, Plaintiffs' allegations fail to meet the particularity requirement listed in Rule 9(b) in almost every respect. If Plaintiffs are arguing that Defendant has knowingly made material misrepresentations of fact regarding the Queen investigation, they have failed to: 1) affirmatively state Defendant has made such a misrepresentation; 2) state when and where the purported misrepresentations were made; 3) state what was communicated in said misrepresentation; and 4) state how the misrepresentation was communicated. If, however, Plaintiffs are alleging Defendant was provided with information regarding Queen's death that he is not divulging, Plaintiffs have failed to affirmatively state when that knowledge was provided to Defendant, who provided it to him, and on what occasions Defendant failed to divulge that information. Instead, Plaintiffs have merely grouped Defendant in with four other defendants, which is prohibited by *Lang, supra.*, and generically alleged he is part of a scheme to defraud Plaintiffs. As such, Plaintiffs' allegations of fraud are insufficient for surviving scrutiny under Rule 9(b).

For the many reasons listed above, Defendant submits Plaintiffs have failed to properly allege a claim for Fraud and/or Conspiracy to Commit Fraud and, as such, these claims should be dismissed against Defendant, with prejudice.

B. **Plaintiffs' claims of Intentional and/or Conspiracy to Commit Intentional Infliction of Emotional Distress should also be dismissed.**

Plaintiffs have also asserted claims of Intentional Infliction of Emotional Distress ("IIED") and Conspiracy to Commit Intentional Infliction of Emotional Distress ("CCIIED") against

---

[14] As noted by this Honorable Court in *Schott, Trustee for Estate of InforMD, LLC v. Massengale*, 2019 WL 4741811 (M.D.La. 9/27/2019) at *1, "…[T]he Court recognizes that, under Louisiana law, conspiracy to commit fraud is not an independent cause of action but depends on the underlying fraud."

Defendant. These claims are entirely predicated upon Plaintiffs' claims of Fraud insofar as Plaintiffs allege the source of her emotional distress stems from Defendant having "…intentionally tr[ied] to prevent Petitioner Snearl from learning that PAPD Officers Briant Landry and/or Tiffany Robertson Wycoskie shot and killed Queen" and continuing to "conceal" information regarding Queen's death.[15] Once again, Plaintiffs do not state with any particularity what Defendant allegedly did to prevent Tara Snearl from learning what she alleges to be the truth or how Defendant came to learn this alleged truth. Instead, Plaintiffs seem satisfied to fashion another generic, conclusory allegation against Defendant.

To recover under a theory of IIED, a plaintiff must establish: 1) that the conduct of the defendant was extreme and outrageous; 2) that the emotional distress suffered by the plaintiff was severe; and 3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain from his conduct. *Scamardo v. Dunaway*, 96-1036 (La.App. 5 Cir. 4/29/97), 694 So.2d 1041, 1042, *writ denied*, 97-1395 (La. 9/5/97). The plaintiff's burden is a heavy one. *Id.* Conduct which is merely tortious or illegal does not rise to the level of being extreme or outrageous. *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00); 765 So.2d 1017, 1025. In *White v. Monsanto Co.,* the Louisiana Supreme Court explained that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *White,* 585 So.2d at 1209.

Plaintiffs have insufficiently alleged Defendant engaged in the allegedly fraudulent activities which would give rise to Plaintiffs' claims of IIED or CCIIED. Instead, Plaintiffs repeatedly claim Defendant is concealing information about Queen's death, but they have failed

---

[15] See ¶ 21 of Plaintiffs' Amended Petition, page 12.

8

to provide the information sufficient to sustain that allegation under Rule 9(b). Due to the interconnected nature of Plaintiffs' causes of action, all must be dismissed. Rule 9(b) applies not only to fraud claims, but also to "non-fraud" claims that are based upon allegations of fraud. "When both fraud and non-fraud claims are alleged, Rule 9(b) pleading requirements sometimes apply to both, but compliance with rule 9(b) is required only when the non-fraud claims are 'so intertwined' with the fraud averments that it is not possible to describe a simple redaction to separate the two." *Kennard v. Indianapolis Life Ins. Co.*, 420 F.Supp.2d 601,609 (N.D.Tx. 2006); *see also Nazareth Intl., Inc. v. J.C. Penney Corp., Inc.,* 2005 WL 1704793 at *3-4 (N.D.Tx. July 19, 2005).

In this matter, all claims for emotional distress arise directly out of Plaintiffs' allegations of fraud against Defendant. Considering that fraud has not been sufficiently pled in this matter and should therefore be dismissed, any adjacent claims arising out of those claims of fraud should also be dismissed.

### C. The West Baton Rouge Parish Sheriff's Office is not a Legal Entity Capable of Being Sued.

The "West Baton Rouge Sheriff's Office" is not an entity that can sue or be sued under Louisiana law. *See Valentine v. Bonneville Ins. Co.*, 96-1382, 691 So.2d 665 (La. 3/17/97); *citing Ferguson v. Stephens*, 623 So.2d 711 (La.App. 4 Cir. 1993); *Garner v. Avoyelles Parish Sheriff's Dept.*, 511 So.2d 8 (La. App. 3 Cir. 1987); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La.App. 4 Cir. 1980); *Abbott v. Town of Livingston*, No. 16-00188, 2016 WL 4134565 at *4 (M.D.La. July 29, 2016)("It is well settled under Louisiana law that a sheriff's department or office, or the parish prison, is not a separate legal entity capable of being sued.")

In *Jenkins, supra,* the Louisiana Fourth Circuit Court of Appeal considered whether the Jefferson Parish "Sheriff's Office," which had been named as a defendant, was a legal entity capable of being sued. The court concluded that a "sheriff's office," as an office operated by the duly elected Sheriff of the Parish whose authority is derived from the Louisiana Constitution, is not a legal entity capable of being sued. In *Richardson v. Heyd*, 278 So.2d 167 (La.App. 4 Cir. 1973), the same court held that the Sheriff of the Parish of Orleans is also a constitutional officer and the "sheriff's office" could not sue or be sued.

Similarly, the Louisiana Third Circuit Court of Appeal held that the Sheriff individually, and not the Parish Sheriff's Department, is the constitutionally designated chief law-enforcement officer of the parish. *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Office,* 350 So.2d 236 (La.App. 3 Cir. 1977). The Louisiana Third Circuit pointed out that Louisiana law affords no legal status to the "Parish Sheriff's Department," but rather reserves such status for the sheriff individually. Thus, the "[P]arish Sheriff's Department is not a legal entity capable of suing and being sued. *Id.* at 239.

Due to the plethora of caselaw above, it is submitted that the West Baton Rouge Sheriff's Office is not capable of being sued as an entity under Louisiana law. As such, this Motion to Dismiss should be granted, and all claims against the "West Baton Rouge Sheriff's Office," including Plaintiffs' claim of *respondeat superior*, for which Plaintiffs name the West Baton Rouge Sheriff's Office as "principal[] for [this] tort," should be dismissed, with prejudice, at plaintiff's cost.

**D. Alternatively, Defendant Moves for a More Definite Statement.**

In the alternative, Defendant moves for a more definite statement. Plaintiffs' *Amended Petition* is so vague, ambiguous and devoid of verifiable facts, that Defendant cannot prepare a

sufficient response. Throughout their *Amended Petition,* Plaintiffs continuously refer to "Officers," rarely, if ever, identifying whether those officers are employed by the Port Allen Police Department or the West Baton Rouge Parish Sheriff's Office. An example of this lack of specificity can be found on page two of Plaintiff's *Amended Petition*; however, a plethora of other examples can be found throughout the pleading:

> To cover up their role in Queen's death, some officers from PAPD and WBRSO immediately proceeded to perform a number of unusual actions, including the following:
> - Officers claimed not to have found Queen's body during the sweep, even though (a) according to them, his body was lying in a shallow bedroom closet, surrounded by blood and bullet holes in the walls, and (b) another officer later reported that the body cameras worn by the responding officers captured images of Queen's body.
> - Without explanation, officers abruptly cancelled an officer's previous request for an ambulance to the crime scene.
> - Officers claimed to have finally found Queen's body in his house around 7:20 a.m., approximately two hours after the first sweep.
> - Officers never notified the West Baton Rouge Coroner's Office, which is located less than three blocks from Queen's house, that Queen's body had been found. Indeed, the Coroner was not notified until 10:00 a.m., four and a half hours after Queen was killed. And this notification came not from a police officer but rather from an employee of the Port Allen Fire Department.
> - Officers mysteriously towed Queen's car from Queen's garage to WBRSO without any plausible justification.
> - Officers failed to appoint a qualified officer to lead the investigation into Queen's death.
> - Officers selectively collected certain pieces of ballistics evidence from the crime scene while leaving behind others.

Perhaps, most importantly, Plaintiffs have alleged that "officers" from the West Baton Rouge Sheriff's Office were in the company PAPD Officers Briant Landry and Tiffeny Robertson Wycoskie at the time Queen was allegedly shot; however, Plaintiffs have failed to provide the names of these alleged Deputies. This information is *crucial* to Defendant's ability to respond to the allegations against him, if necessary, and Plaintiffs bear a responsibility to, at a minimum, identify what actions were allegedly undertaken by employees of the Port Allen Police Department and which were allegedly undertaken by employees of the West Baton Rouge Sheriff's Office.

Further, the allegations levied against Defendant, individually, are so sparce (and, therefore, violative of Rule 9(b)), he is unable to prepare an adequate defense for himself.

Under Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot properly prepare a response." When a [Petition] fails to specify the allegations in a manner that provides sufficient notice so that a defendant can fairly frame a response without prejudice, a defendant can move for a more definite statement under Rule 12(e) before responding. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1; *Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383, 102 S.Ct. 1114, 71 L.Ed.2d 214; *Dunn v. Chase Home Finance, LLC*, 2011 WL 4383826 at *1 (M.D.La. 9/19/2011). In the event Plaintiffs' claims against Defendant are not dismissed, he should not be forced to engage in unnecessary discovery to learn facts which should be apparent on the face of Plaintiffs' *Amended Petition*. While Defendant maintains Plaintiffs' claims against him should be dismissed pursuant to Federal Rules of Civil Procedure 12(c) and 9(b), barring that outcome, Plaintiffs should be ordered to supplement their *Amended Petition*, and provide Defendant with the basic information necessary to craft a reasonable response.

### III.  CONCLUSION

Plaintiffs have failed to plead and present their allegations of fraud against Sheriff Mike Cazes with the particularity that is required by Federal Rule of Civil Procedure 9(b). For that reason, Plaintiff's claims of fraud and conspiracy to commit fraud should be dismissed, with prejudice. However, considering that Plaintiffs' claims of Intentional Infliction of Emotional Stress and Conspiracy to Commit Intentional Infliction of Emotional Distress are directly intertwined with Plaintiffs' insufficient claims of Fraud, those torts should also be dismissed, with

prejudice. Finally, the West Baton Rouge Parish Sheriff's Office is not an entity capable of being sued, per longstanding Louisiana law. As such, it, and the *respondeat superior* Plaintiffs asserted against it, should be dismissed from this matter, with prejudice. In the alternative, Plaintiffs should be ordered to provide a more definite statement, thereby permitting Sheriff Mike Cazes to adequately defend himself in this matter.

    Respectfully submitted,

    FROSCH, RODRIGUE, ARCURI LLC

    s/ *Jason P. Wixom*
    BLAKE J. ARCURI (LSBN #32322)
    JASON P. WIXOM (LSBN #32273)
    1615 Poydras Street, Suite 1250
    New Orleans, Louisiana 70112
    Tel: (504) 592-4600 Fax: (504) 592-4641
    COUNSEL FOR DEFENDANT
    Email: barcuri@fralawfirm.com
           jwixom@fralawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

    s/ *Jason P. Wixom*