UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TARA SNEARL, ET AL. | CIVIL ACTION |
| VERSUS | |
| CITY OF PORT ALLEN, ET AL. | NO. 21-455-JWD-RLB |

## ORDER

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rule 12(b)* (Doc. 15) (the "*Motion*") filed by defendant Port Allen Police Department ("PAPD"). This defendant seeks an order dismissing it from the case because local police departments like the PAPD lack the capacity to be sued. (*Id.* at 1.) Plaintiffs Tara Snearl and Ayanna Queen Tran (collectively, "Plaintiffs") filed an opposition in response to a motion to dismiss by different defendants, (Doc. 25), and they indicate in that brief that they do not oppose PAPD's motion. (*Id.* at 1 n.1).

Thus, *Motion* is unopposed. On that ground alone, the Court could grant it. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 507 (M.D. La. 2021) (deGravelles, J.) (finding that only certain claims were at issue because plaintiff failed to oppose dismissal of all claims) (citing *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue)); *see also JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "to avoid waiver, a party must identify relevant legal standards and any relevant Fifth Circuit cases and holding that,

because appellant fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived." (cleaned up)).

But, even if the *Motion* were opposed, the Court would grant it. As PAPD highlights, numerous cases have held that local police departments are not capable of being sued and that cases against them should be dismissed. *See, e.g., Brown v. Lafayette City-Par. Consol. Gov't*, No. 6:13-2436, 2014 WL 1217960, at *1–2 (W.D. La. Feb. 28, 2014) (dismissing claims against the Lafayette Police Department in part because "it is well established in a number of other jurisdictions that police departments do not have an existence separate from the city they serve, and are thus not separate legal entities capable of being sued" and because "federal courts have consistently dismissed § 1983 claims against entities, such as police departments which are not amenable to suit in their own right."); *Webb v. LaSalle*, No. 12-0897, 2012 WL 6061738, at *5 (W.D. La. Nov. 30, 2012) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued. Louisiana courts have consistently held that a plaintiff's suit against a police department should be dismissed because the police department is not a juridical entity" (cleaned up)), *aff'd in part on this issue, rev'd in part on other grounds*, 537 F. App'x 389 (5th Cir. 2013).

Accordingly,

**IT IS ORDERED** that that the *Motion to Dismiss Pursuant to Rule 12(b)* (Doc. 15) filed by the Port Allen Police Department is **GRANTED** and that all claims by Plaintiffs Tara Snearl and Ayanna Queen Tran against the PAPD are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on June 13, 2022.

    **JUDGE JOHN W. deGRAVELLES**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**