UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TARA SNEARL, ET AL.                                                      CIVIL ACTION

VERSUS                                                                           NO. 21-455-JWD-RLB

CITY OF PORT ALLEN, ET AL.

### ORDER

Before the Court is Plaintiffs' Motion for Contempt, Motion to Compel Further Discovery, and Motion for Addition of a Spoliation Claim to the Amended Petition. (R. Doc. 54). The deadline for filing an opposition has not expired. LR 7(f).

This wrongful death action is brought by the mother and minor daughter of the deceased Fartrell Queen. (R. Doc. 1-2). Plaintiffs allege that on November 2, 2017, an unknown person shot Queen while he was at home. Officer Bryant Landry and Officer Tiffany Robertson Wycoskie of the Port Allen Police Department and unidentified officers from the West Baton Rouge Sheriff's Office arrived on the scene. Plaintiffs allege that Landry or Wycoskie shot Queen a second time, killing him, and the respective law enforcement agencies have orchestrated a cover up to conceal their role in Queen's death.

On September 1, 2022, the Court ordered the parties to commence formal discovery. (R. Doc. 37). The Court then entered a Protective Order governing the exchange of confidential information in discovery, including provisions for the designation of documents "For Attorney's Eyes Only" and the submission of documents for in camera review. (R. Doc. 39).

On November 8, 2022, Plaintiffs filed an Unopposed Motion for In Camera Review. (R. Doc. 40). The Court conducted an in camera review of documents and electronically stored information provided by the City of Port Allen. After a hearing, the Court provided the parties,

and the District Attorney for the 18th Judicial District, an opportunity to brief their positions with respect to the production of the following documents for a limited "For Attorney Eyes Only" production: (1) Landry and Wycoskie's bodycam video form the date of the incident; and (2) ballistic reports concerning the incident (redacted to remove the names of any witnesses and suspects). (R. Doc. 45). Having received no objection, the Court ordered the limited production. (R. Doc. 47). The Court subsequently allowed Plaintiffs' counsel to show Ms. Snearl the bodycam videos without copying, reproducing, or taking possession, custody, or control of the videos. (R. Doc. 48).

On April 13, 2023, after viewing the videos, Plaintiffs' counsel, Joseph Long, sought to withdraw as counsel. (R. Doc. 49). In support of the motion, Attorney Long sought an order to allow Ms. Snearl to provide a copy of the body cam footage to a video expert to determine whether it had been edited. The next day, Ms. Snearl, acting *pro se*, filed the instant "Memorandum of Clarification" seeking the production of Officer Landry's bodycam video (as well as the body cam video of "any and all officers who were in Officer Landry's proximity") from 5:50 a.m. through 6:10 a.m. on November 2, 2017 (R. Doc. 52). In addition, the filing seeks "permission for a video-forensics expert of the Plaintiffs' choosing to observe not only all of the bodycam video that has been produced," as well as the additional bodycam video sought for review. (R. Doc. 52 at 2).

On April 20, 2023, the Court granted Attorney Long's motion to the extent it sought an order allowing him to withdraw as counsel, denying all remaining relief to be addressed at a later date. (R. Doc. 50). Plaintiffs are now proceeding without counsel.[1]

In response to Plaintiffs' filing, counsel for the City of Port Allen informed the Court that it is his understanding that (1) there is no additional bodycam video from Officer Landry for the time period at issue, (2) bodycam video from Officer Wycoskie for the time period at issue was previously produced for in camera review and subsequently shown to Ms. Snearl, and (3) there may be additional bodycam video from an Officer James for the time period at issue that was not previously produced.

On May 2, 2023, the Court ordered a second in camera review:

> [T]he City of Port Allen shall provide any and all bodycam video for officers of the Port Allen Police Department (including Officer Landry, Wycoskie, and James) at the scene of the underlying incident for the time periods from 5:50 a.m. through 6:10 a.m. on November 2, 2017. The City of Port Allen shall provide the Court the foregoing bodycam videos for in camera review regardless of whether they were previously submitted for in camera review or whether specifically sought in Plaintiffs' discovery requests. The City of Port Allen shall inform Court, in writing, of (1) the names of each of its responding officers at the crime scene from 5:50 a.m. through 6:10 a.m., and (2) whether there is any bodycam footage for this time period for each officer.

---

[1] Plaintiffs' previous filing suggested that A.T. was now a major proceeding on her own behalf. Plaintiffs' recent filing, however, indicates that A.T. is in fact only eight years old. (R. Doc. 54 at 5). Accordingly, all future filings by Plaintiffs shall be signed solely by Ms. Snearl. In addition, the Court need not address, at this time, whether Ms. Snearl can proceed pro se on behalf of her minor granddaughter A.T. The Fifth Circuit recently held that there is no "absolute bar on *pro se* parent representation" under 28 U.S.C. § 1654. *See Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280 (5th Cir. 2023) (vacating dismissal and remanding to district court to determine "whether federal or state law" designated the minor children's claims as the plaintiff's "own" claims under Section 1654); *but see Dobbs v. Warden*, No. 21-10657, 2022 WL 4244283, at *2 (5th Cir. Sept. 15, 2022) ("[T]his court has previously held, albeit in unpublished opinions, that, with the exception of social security proceedings, non-attorney parents may not bring suit pro se on behalf of their minor children.") (citing cases). If Plaintiffs do not obtain counsel in this action, the Court will address at the appropriate time the issue of whether Ms. Snearl can proceed *pro se* on behalf of her minor granddaughter A.T.

(R. Doc. 53 at 3). In response, the City of Port Allen again provided the relevant body cam videos for Officer Landry, Wycoskie, and James (already reviewed by the Court), indicating that there was no additional body cam footage to review. The City of Port Allen also informed the Court that two detectives arrived in or around the scene—Detective Casey Williams and Lt. Kendra Wisham—but they did not wear body cameras per the normal procedure for detectives.

Plaintiffs now seek relief related to the foregoing in camera reviews, stating that they "have no reason to believe that Defendants complied" with the Court's orders, seeking the production of all documents produced for in camera review, seeking the issuance of contempt orders to the extent Defendants did not comply with the Court's orders, and seeking to amend their state court pleading to include a substantive claim for spoliation of evidence. (R. Doc. 54).

The Court will deny this relief at this time. Foremost, the record indicates that the City of Port Allen has complied with the Court's orders requiring in camera review of certain documents and videos. Furthermore, Plaintiffs have not directed the Court to any specific discovery requests by which they are seeking to compel information and documents. *See* LR 37. Finally, Plaintiffs have not submitted a proposed amended pleading in support of their request to add a spoliation claim with respect to Officer Landry. To be clear, "a *pro se* litigant is not exempt . . . from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

The Court has delayed the issuance of a Scheduling Order in this action to allow for narrow, substantive discovery with respect to the remaining claims against Officer Landry, Officer Wycoskie, and the City of Port Allen. Notwithstanding the opportunity to conduct this

discovery—including the review of pertinent body cam footage—Plaintiffs seek to continue this action without counsel.[2]

The parties recently submitted a Joint Status Report, but did not submit any proposed deadlines for the entry of a Scheduling Order. (R. Doc. 55). Having reviewed the status report, the Court will set a status conference for the purpose of addressing the status of this matter and how this matter will move forward with the plaintiffs proceeding without counsel. At the conference, the parties shall be prepared to discuss any remaining issues regarding discovery, including any protections offered to Defendants under Louisiana Revised Statute 44:3.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Contempt, Motion to Compel Further Discovery, and Motion for Addition of a Spoliation Claim to the Amended Petition (R. Doc. 54) is **DENIED** without prejudice to refile after the issuance of a Scheduling Order, to the extent the Motion complies with the Federal Rules of Civil Procedure and this Court's Local Rules.

**IT IS FURTHER ORDERED** that a scheduling conference is hereby set before United States Magistrate Judge Richard L. Bourgeois, Jr. for **August 3, 2023 at 10:30 a.m. in Courtroom 6.**[3]

Signed in Baton Rouge, Louisiana, on July 7, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiffs indicate that they have not been able to obtain new counsel since the withdrawal of Attorney Long. (R. Doc. 54 at 4-5).
[3] Ms. Snearl and defense counsel shall appear at the conference. The minor A.T. need not attend.